```
                    UNITED STATES BANKRUPTCY COURT
                     EASTERN DISTRICT OF KENTUCKY
                           LONDON DIVISION


IN RE:

PAUL HILL                                         CASE NO. 08-60070

DEBTOR

PAUL HILL                                              PLAINTIFF

v.                                                ADV. NO. 09-6060


LAWRENCE JAMISON and
FRANK MAYS                                            DEFENDANTS
```

**MEMORANDUM OPINION**

This matter having come before the Court upon a trial held on October 13, 2009, and the matter having been taken under submission, the Court hereby issues this Order.

This matter is submitted on the issues of whether there have been either stay violations or violations of the discharge injunction and the remedies available if there have been violations.

This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334 and § 157, and this matter is a core proceeding under 28 U.S.C. § 157.

Facts

On March 16, 2007, Lawrence Jamison ("Jamison") filed a complaint in Whitley Circuit Court against Paul Hill Jr., the Plaintiff and Debtor in this case, for conversion and theft of a 1955 Chevrolet automobile alleging that title documents were falsified by Paul Hill Jr. so as to convert the vehicle into his name.

On July 9, 2007, Jamison filed a first amended complaint against Paul Hill Jr., Paul Hill Jr's father, and Frank Mays ("Mays") for

conversion and theft of the vehicle.

On August 8, 2007, Jamison filed a motion for counterclaim.

On October 17, 2007, Jamison filed a second amended complaint against Paul Hill Jr. and Paul Hill Jr.'s father for conversion and theft of the vehicle, and against Mays and Chester Layne alleging that they had a void or voidable title to the vehicle and that they should be ordered to return the 1955 Chevrolet to him.

On January 4, 2008, Paul Hill Jr. filed a chapter 7 bankruptcy. Neither Mays nor his attorney was listed as a creditor in the bankruptcy. No notice of bankruptcy was mailed to Mays or his attorney. Debtor's bankruptcy attorney failed to file a plea in abatement in the state court case.

On February 11, 2008, David Hoskins was permitted to withdraw as Paul Hill Jr.'s attorney in the Whitley Circuit Court case, and the remaining parties set a pretrial conference of March 17, 2008. Paul Hill Jr.'s bankruptcy filing was mentioned at the hearing on David Hoskins' motion to withdraw. However, the evidence is that it was unclear whether Paul Hill Jr. had already filed bankruptcy.

On March 17, 2008, a pretrial conference was held.

On April 29, 2008, a discharge order was entered and the automatic stay ended.

On July 18, 2008, a mediation was held in the state court case. Jamison has admitted knowledge of the bankruptcy before the mediation. The evidence is insufficient to establish that Mays knew of the bankruptcy filing at this time.

On December 16, 2008, the state court case was tried by jury, and Mays received actual knowledge of the bankruptcy. At the conclusion of the testimony, the jury was instructed to answer one interrogatory:

"Do you believe from the evidence that the Plaintiff Lawrence Robert Jamison gave a 1955 Chevrolet 2 door Sedan to Defendant Paul Richard Hill, Jr.?" to which the jury answered unanimously "No."

On December 19, 2008, Mays was awarded a judgment of $8,200.00 plus costs against Paul Hill Jr.

On January 29, 2009, Jamison filed a motion for contempt and attorney's fees against Paul Hill Jr. in state court.

On February 9, 2009, Jamison's motion for contempt and attorney's fees was heard in state court.

On February 12, 2009, the state court entered an order finding that certain post bankruptcy discharge actions of Paul Hill Jr. were contemptuous and awarded counsel for Jamison $500.00 in attorney's fees.

On May 20, 2009, Jamison moved for contempt against Paul Hill Jr. for failing to pay the $500.00 attorney's fees as ordered by the state court.

On June 30, 2009, Jamison withdrew his motion for contempt pending a ruling from the Bankruptcy Court due to the motions for contempt filed by Paul Hill Jr. in his bankruptcy case.

### Conclusions of Law

The evidence is that Mays had actual knowledge of the bankruptcy on the date of the trial, December 16, 2008. The Court makes this conclusion due to the failure to list Mays or his attorney in the schedules and Debtor's attorney's failure to file a plea in abatement in the state court case. Any action that violates the discharge injunction is void. *See* In re Motley, 268 B.R. 237 (Bankr. C.D. Cal. 2001). Here, the Mays judgment on his cross-claim in state court is void as it violates the discharge injunction. Thus the remedy here is

declaring the judgment of $8,200.00 plus costs void. However, the Whitley Circuit Court judge made comments that Mays' actions were not intentional and were mainly in defense of himself against Jamison's claim. Thus the Court will not award attorney's fees for the discharge injunction violation.

The two post-judgment attempts to have the Debtor held in contempt are thinly veiled attempts to collect attorney's fees. The state court case was determined on a single interrogatory - did the jury believe that Jamison gave the 1955 Chevrolet to the Debtor? If the jury said no, which it did, then the state court judge had determined that, as a matter of law, Jamison would prevail. Nowhere in the instruction or the judgment is there mentioned fraud, forgery or perjury. The two post-judgment attempts to have the Debtor held in contempt are acts to collect money from the Debtor, and they violate the discharge injunction. The remedy is to declare the state court attorney's fees award void. However, Jamison's conduct here is not egregious, and for that reason a nominal sum of $1.00 shall be awarded Plaintiff.

This memorandum opinion constitutes the Court's findings of fact and conclusions of law. A separate judgment order shall be entered.

Copies to:

Leroy A. Gilbert, Jr., Esq.
Larry E. Conley, Esq.
Marcia A. Smith, Esq.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



**Signed By:**
*Joseph M. Scott, Jr.*
**Bankruptcy Judge**
**Dated: Wednesday, December 02, 2009**
**(jms)**